**Zhi Yong XIAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–3141–AG.**

United States Court of Appeals, Second Circuit.

April 17, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Asheroft as respondent in this case.

Gerald Karikari of Counsel to Fengling Liu, New York, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Christopher V. Taffe, Assistant United States Attorney, Rochester, New York, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhi Yong Xiao (A77 998 340), through counsel, petitions for review of the May 24, 2004 order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz that denied Xiao's applications for asylum, withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review an IJ's findings under the substantial evidence standard; thus, "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In his application, Xiao claimed that he and his family had been subjected to persecution on account of their Christianity. In her decision, the IJ made an adverse credibility finding on the basis of (1) Xiao's failure to submit any documents corroborating his testimony that various members of his family had been incarcerated by the Chinese government; (2) the inconsistency between Xiao's testimony that he had been baptized on April 17, 1994 and a Chinese document that referred to his baptism as having occurred on April 7, 1994; (3) the inconsistency between Xiao's testimony that he was in hiding in China from January 13, 2002 to March 20, 2002 and his apparent ability to get a notarial birth certificate issued to him on February 6, 2002; (4) Xiao's failure to submit corroboration of his alleged ownership of a clothing store in China; (5) the inconsistency between Xiao's testimony that he had received a very good religious education from his family and was knowledgable about the Ten Commandments, Jesus, and Joseph by the time of his 1994 baptism, and his statements during his 2002 airport

interview that he did not know about the Ten Commandments or the story of Joseph; and (6) Xiao's inability to explain certain details about the hospitalization report of his mother.

Numerous bases of the IJ's decision were questionable. It is unclear, for instance, why the IJ perceived the disparity between Xiao's testimony that he had been baptized on April 17, 1994 and the documentary evidence of his baptism on April 7, 1994—a mere ten-day difference with regard to a date that had occurred eight years ago—to be a "material and major" inconsistency. It is also unclear why the IJ expected Xiao to be able to explain details of his mother's hospitalization report, or, for that matter, why the IJ deemed this issue relevant. As for the IJ's perception of inconsistency regarding Xiao's ability to obtain a notarial birth certificate while he was allegedly in hiding, the IJ should first have brought this inconsistency to Xiao's attention and given him an opportunity to address it before relying upon it in her decision. *See Ming Shi Xue v. Board of Immigration Appeals,* 439 F.3d 111, 114–15 (2d Cir.2006).

Nonetheless, we conclude that despite these errors, a remand is unwarranted because the IJ's ultimate adverse credibility determination was "otherwise supported by substantial evidence and we can state with confidence that the same decision would be made on remand." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). Specifically, substantial evidence for the IJ's adverse credibility determination lies in the fifth ground identified above: the blatant inconsistency between Xiao's testimony regarding his knowledge about Christian doctrine as of 1994 and his inability to answer the questions posed to him during the 2002 airport interview, combined with the clear conflict between Xiao's denial that he had been asked about the Ten Commandments during that interview and the actual transcript of the interview.

In *Rizal v. Gonzales,* 442 F.3d 84 (2d Cir.2006), we explained that although there is no minimum level of doctrinal knowledge necessary to be *eligible* for asylum on grounds of religious persecution, questions relating to doctrinal knowledge can sometimes be relevant in assessing an applicant's *credibility,* depending on the nature of the applicant's account. *See id.* at 86. Here, Xiao testified that his family had practiced Christianity for three generations, that he had learned about Christianity ever since he was a child, that he had received a very good religious education, and that he "constantly assist[ed][his] father in disseminating gospels and activities." Moreover, when the government asked him whether he was "familiar with the Ten Commandments already in 1994," when he was baptized, he responded affirmatively. He also said "yes" to the question of whether he "knew all about Jesus and Joseph before 1994." Nonetheless, Xiao had no real response to the government's follow-up questions as to why, during his airport interview in 2002, he had answered "no" to the questions of whether he knew the Ten Commandments and whether he knew the story of Joseph. Instead, Xiao simply denied that he had ever been asked about the Ten Commandments during that interview, notwithstanding the transcript's inclusion of that precise interchange.

There is no basis upon which to conclude that the transcript of the airport interview was unreliable. Indeed, the airport interview satisfied the factors described in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004), and the transcript was sworn and subscribed to before an INS officer and witnessed by another official. Accordingly, the material inconsistency between Xiao's hearing testimony and the airport interview transcript provides sub-

stantial evidence upon which to affirm the IJ's decision. *See id.* at 182. This conclusion is further bolstered by Xiao's lack of corroborating evidence.

As Xiao has not met the standard for granting asylum due to his lack of credibility, his claim for withholding of removal fails as well. *Id.* at 178. Finally, the IJ correctly concluded that Xiao was ineligible for CAT relief because he offered no credible evidence that he would more likely than not be tortured if he were to return to China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16). Therefore, we deny Xiao's petition for review.

The pending motion for a stay of removal in this petition is DENIED as moot.